IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**GARY HODGES**                                                                                   **PETITIONER**

v.                                                     **Cause No. 5:23-cv-00057-DCB-BWR**

**HERBERT YOUNG**                                                           **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is Respondent Herbert Young's Motion to Dismiss [8], Supplement to Motion to Dismiss [12], and Second Supplement to Motion to Dismiss [15] the 28 U.S.C. §2241 Petition for Writ of Habeas Corpus [1] filed by pro se Petitioner Gary Hodges. Respondent argues that the Petition should be dismissed as moot, because some allegations do not state a claim, and because Hodges' failed to exhaust available state court remedies. Having considered Respondent's submissions [8] [12] [14] [15], Hodge's submissions [1] [13], the record, and relevant law, the undersigned recommends that Respondent's Motion to Dismiss be granted, and the Petition denied because it is moot. It is unnecessary to address Respondent's other grounds for dismissal.

### I. BACKGROUND

Hodges was in pretrial detention in Pike County, Mississippi, when he filed his § 2241 Petition in June 2023. He asserted that he was "being held illegally." [1] at 6. Hodges wrote, "I have been held over a year on the judge's whim. I have not been indicted. I bonded out. I have paid my fines, but the judge has not lifted the hold." *Id*.

As relief, Hodges "request[ed] to be set free and have my charges dismissed due to the length of time it has taken to decide if I can be indicted." *Id.* at 7.

The history leading to Hodges' pretrial detention in June 2023 follows: In 2020, Hodges pleaded guilty to selling less than 30 grams of marijuana (count one) and conspiracy to sell marijuana (count two). [8-2]. He was sentenced to "THREE (3) YEARS ON EACH COUNT TO RUN CONSECUTIVE. . . . [T]he execution of this sentenced be SUSPENDED and the defendant placed on post release supervision for a period of FIVE (5) YEARS under the supervision of the Mississippi Department of Corrections. *Id.* at 1.

In March 2022, Hodges was arrested and charged with being a convicted felon in possession of a firearm. [8-3] [8-11]. He was allowed bond and released the same day. [8-11]. In May 2022, Hodges was arrested for being a convicted felon in possession of a firearm. [8-5] [8-6] [8-7] [8-8]. The arresting officer found Hodges to be in possession of "approximately .3 gram[s] of crack cocaine." [8-6]. Hodges was not allowed bond. [8-7]. The State of Mississippi petitioned to revoke Hodge's post-release supervision from the 2020 convictions and impose the suspended six-year sentence. [8-11] [8-15].

After filing the § 2241 Petition in June 2023, Hodges was indicted on the March and May 2022 charges. [12-2] [12-4]. He pleaded guilty in March 2024 to possession of at least one tenth but less than two grams of cocaine (count one) and possession of a firearm by a convicted felon (count two). [15-2] at 2, [15-9]. The March 2020 charge

for being a convicted felon in possession of a firearm, Respondent believes, was remanded to the file. [15] at 1. Hodges was sentenced to

> THREE (3) YEARS ON COUNT ONE AND TEN (10) YEARS ON COUNT TWO (2) TO RUN CONSECUTIVE. The defendant is to SERVE THE FIRST FIVE (5) YEARS WITH THE REMAINING YEARS SUSPENDED, and the defendant be placed on FIVE (5) YEARS post release supervision under Mississippi Department of Corrections. THE DEFENDANT TO BE GIVEN CREDIT FOR TIME SERVED.

[15-9] at 1-2. Also in March 2024, Hodges was found to have materially violated the terms and conditions of his probation from the 2020 convictions, and his probation was revoked. [15-10] at 6, [15-12]. The website for the Mississippi Department of Corrections (MDOC) shows that Hodges is no longer in pretrial detention but is now a convicted MDOC inmate. *See Huskey v. Jones*, 45 F.4th 827, 831 n.3 (5th Cir. 2022) (taking judicial notice of contents of MDOC's website).

## II. DISCUSSION

A state pretrial detainee is entitled, in some circumstances, to raise constitutional claims concerning the fact or duration of his detention in a habeas petition filed under 28 U.S.C. § 2241. *See Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987). A pretrial detainee's § 2241 petition is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007); *see Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988). Claims for federal habeas relief of pretrial issues are mooted by a petitioner's subsequent conviction. *Fassler,* 858 F.2d at 1018.

Hodges was indicted and convicted after filing his Petition, mooting his request for a speedier conclusion as to whether he would be indicted. Hodges' March 2024 convictions and probation revocation moot his "request to be set free and have [his] charges dismissed."

## III. RECOMMENDATION

Respondent's Motion to Dismiss [8], Supplement to Motion to Dismiss [12], and Second Supplement to Motion to Dismiss [15] should be granted and Hodges' §2241 Petition denied as moot.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report and recommendation must serve and file written objections within 14 days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party must file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report will bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within 14 days after being served with a copy will bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings

and legal conclusions that the district court has accepted and for which there is no written objection. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

**SIGNED**, this the 4th day of June 2024.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE